This is Michael Hobson v. Illinois Department of State Police, Amboon County State's Attorney's Office. For the appellant is Tim McPike, correct? Yes, ma'am. And Richard Butera for the appellee. Good morning. Good morning. Before we begin, there was a motion to strike that was filed by the appellee, Mr. Hobson. And what we are going to do is we're going to take this motion to strike with the case and our decision will be within our disposition, just so you know that. Okay. Mr. McPike, are you ready to proceed? May it please the court, counsel. There is another motion pending before the court, and that's our motion to take judicial notice of our petition for rehearing in the Frederick case, which this court has asked us to address that Frederick case in this appeal. Now, I have not only filed that motion overnight to the court, but I also emailed it to Mr. Butera, and I had a phone conversation with him, so there would be no prejudice to the appellee if this court were to grant that motion. The counsel are prepared to discuss that petition for rehearing, so I would ask the court to grant me leave to discuss that petition for rehearing during this hour. Any objection? No, I have no objection, although, again, Your Honor, because of my motion to strike, my position would be that I would prefer an appeal concerning an intervention, an appeal on the intervention question or issue only. And so I would not want to waive that, but I do acknowledge that Mr. McPike sent me that information. I'm prepared to discuss it. I can do all of that. So I guess I wouldn't say that I don't object.  I'm prepared to discuss it. Thank you. In my question, my first question out of the box was going to be to you. The only thing that we're here for is the question is, did the trial court abuse its discretion in not allowing the Illinois State Police to intervene? Is there any other question that is before the court today? Oh, yes, Your Honor, and I believe that the Frederick case does have an impact on whether that motion to strike and the disposition of the motion to strike and the circuit court's, the validity of the circuit court's denial of our intervention below. So I'll address that first. In Frederick's, the trial court allowed intervention, correct? That's correct. So this is different. Yes, but the Frederick decision did hold that the circuit court, and this is referring to Frederick paragraph 13, that the circuit court had authority to review a FOIA denial only as provided by the FOIA Act because it was an administrative review case. That being the case, if a circuit court, well, it's kind of a two-step process. Our first argument is whether in a dispositive issue is whether the 2013 FOIA Act applies or the 2010 FOIA Act applies. But assuming the 2013 FOIA Act applies, to get back to the intervention motion, if that applies under Frederick, the circuit court's hearing on a petition to restore a FOIA card or a grant one. But in this case, unlike Frederick, the court's question was, was there, our question, is there an abuse of discretion because the trial court failed to allow the Illinois State Police to intervene because of timeliness? Yes. Because of timeliness.  No, but Frederick impacts that decision about timeliness because if the circuit court hearing on a petition to grant a FOIA card is an administrative review action, and if the circuit court grants a FOIA card contrary to federal law, under Frederick, that's an administrative review. And the circuit court only has such authority as the administrative review statute allows. So therefore, getting back to timeliness, granting a petition for a FOIA card contrary to federal law would be a violation, would be beyond the court's judicial authority to review an administrative review hearing. Therefore, the order would be void and timeliness is not an issue. Okay. A void order can be attacked at any time collaterally. I can attack it for the first time here on appellate review. How is it void? It's void because it's beyond the court's authority under the administrative review statute, that being the FOIA Act. But did Frederick, didn't Frederick reject that argument? No. They did not? No. Frederick didn't reach the issue of timeliness for, didn't go beyond, all Frederick held was that it was an administrative review in the circuit court, and the circuit court only has such authority as granted by the statute. The parties in Frederick said that the circuit court did not have jurisdiction to hear the petition because Frederick had not properly exhausted his administrative remedies, correct? And didn't the court say, I being the court, we reject the department's first argument, but we reverse concerning the second argument, that being that it was in contradiction to the federal law? Well, we weren't arguing about the denial of the intervention based on timeliness in Frederick. No. We were arguing about denial of the intervention based on a position we no longer hold, which is that it should have gone to the director initially rather than the circuit court. That isn't an issue. And timeliness wasn't the reason for the denial of intervention. But Frederick, we have to go beyond just what the Frederick decision held. The point about Frederick that's applicable to timeliness is that Frederick held that the circuit court action was an administrative review action. And that's Frederick paragraph 13. And Frederick specifically says the circuit court only has such authority as granted by the statute because it's an administrative review. So the circuit court, you're saying that because it's an administrative review that the Code of Civil Procedure has no application to administrative review? No, this isn't about that. Because intervention is still intervention, isn't it? Yes, but timeliness under the intervention statute no longer becomes an issue if the circuit court's order is void. Okay. A void order. Void or voidable. Void, not voidable. That's the key distinction. If it's administrative review, the circuit court only has needed power. The Article 4 of Paragraph 9 of the Constitution talks about the court's power. So the 2013 Void Act explicitly removes the power of a circuit court to grant a void card contrary to federal law. Well, is this a de novo administrative review hearing? It would be de novo under Section 10 of the Void Act. See, what was unique about Frederick is even our office hadn't really thought about the fact. We were used to thinking of administrative review cases as all coming under the administrative review law. But what Frederick correctly held is there's other administrative review statutes other than the administrative review law. So Paragraph 13 of Frederick is what we need to focus on for this point. My problem with your argument is you say this is administrative review, and the statute sets forth elements upon which a trial court is supposed to make findings of fact and conclusions of law based upon the evidence presented to it by the petitioner as to whether or not he's an individual who is safe enough to issue a void card to. And so I don't know where this is administrative review because classically administrative review is upon administrative review, a transcript of a record is reviewed, and issues of fact are presumed to be true unless manifestly erroneous or against the manifest way of the evidence. The trial court isn't supposed to make, pardon me, the reviewing tribunal is not supposed to make a determination de novo. No, I think Your Honor is referring to the typical action under the administrative review law. But what Frederick holds, and let me quote Frederick exactly in Paragraph 13, this court's own decision, in contrast to court's broad subject matter jurisdiction with regard to most disputes, the circuit and the appellate courts have jurisdiction to review administrative agency actions only as provided by statute. Well, how about the statute, Paragraph B in the statute that says at least 30 days before any hearing in the circuit court, the petitioner shall serve the relevant state's attorney with a copy of the petition. Are you saying that just because they are prohibited from, however, the court shall not issue the order if the petitioner is otherwise prohibited from obtaining or possessing or using a firearm under federal law? Isn't it then, they have the hearing at the trial court level, the trial court incorrectly rules, and then it comes to the state police. Perhaps, for instance, in this case, you weren't timely, let's argue, you weren't timely in getting before the trial court. The trial court files a motion, for some reason you never come in. The state police never comes in. They come in at some point, and then they say, oh, by the way, you know, we want to intervene here. And the court's like, wait, where have you been? You haven't been here to intervene. So now they're not going to allow you to intervene. They find you in contempt or they file a contempt petition and you finally come in. If you say, okay, I'm going to issue it because I don't want to be filed in contempt, couldn't you issue the FOIA card and then five days later revoke it? Actually, that's another issue that's boiling up in the circuit courts right now. Can't you do that? But what in the statute precludes you from doing that? Well, the statute precludes the circuit court. We have to assume, as in this case and the other cases we're talking about, that the person applying for the FOIA card is federally prohibited under the federal law. Okay, in this case, he's federally prohibited. Okay. We argue he's federally prohibited. You didn't get in there in time. So we say to you, sorry, you're out of the box. We're going to affirm the trial court because there was no abuse of discretion. You don't want to be found in contempt. You issue the FOIA card. What stops you from in two days revoking that FOIA card? That's what they're doing. Right. We would argue. So then if that's what you're doing, isn't this moot? No. Because the circuit court's order, contrary to federal law and contrary to the 2013 FOIA Act, was FOIA to have an issue as soon as they issued that relief. Why do you say it's void? Because it's. Let me finish the question. Yes, I'm sorry. You're saying it's in derogation of federal law. I'm saying it's void because it's beyond their authority under the 2013 FOIA Act. So he abuses discretion. The way you interpret the statute, it seems that you interpret it to mean any federal prohibition, correct? Such as a violation of a Class 3 license, dealer's license, that would indicate that based upon that violation, or trafficking in interstate illegal sales of firearms, or committing a bank robbery. These are things that, quote, unquote, would disqualify someone from possessing legally under federal law a firearm. But you seem to include in that panoply of disqualifications, the disqualification based upon the state charge upon which this individual was convicted of a domestic battery, which under federal law says he's not allowed to possess a weapon federally. Now, you then say that we set up a program at the state level, by the state legislature, to decide whether or not there should be substantive and procedural due process. Sets up a system that says, if you can establish sufficient cause to grant a FOIA card, we will grant it to you. But, if for some reason you've been disqualified based upon a federal law that's based upon the conviction that we're talking about here, we're not going to give you the card. Which seems to me somewhat absurd, because if that's the case, there's no point for this. Because if supposedly we're going to give him a card because he's proven to us, or the state, that he is no longer a danger for this domestic battery, but he's disqualified federally for the domestic battery, we basically say it's a nullification. There's no reason for this law. Unless, of course, you interpret it to mean that when they say other federal offense, or a federal offense, they're talking about something other than the particular domestic battery that's at issue in this case. Because this section relates to getting a FOIA card from a domestic battery conviction. It doesn't relate to all crimes that supposedly you're disqualified from. Is that not correct? That's the result based on the 2013 FOIA Act amendments. Because the 2013 FOIA Act was amended to remove the power of the circuit court to grant a FOIA card contrary to federal law. So what you've basically, your argument is that based upon the recent amendment, the recent amendment has made the application of this statute an absurdity, and virtually inapplicable. Because if, in fact, the concept is we're supposed to have judicial review of whether or not a FOIA card should issue based upon a domestic battery that was committed and convicted at our state level. And supposedly when the state hears about it, they say, oh no, you can't have a gun federally either. And now there's an amendment to the state statute that says, well, if the feds say you can't have a gun because of our conviction, we're going to say you can't have a gun at all. Why don't they just write a new law that says you can get a gun permit if and when you get a pardon, an expungement, or something in the nature of a resolution of the federal charge, despite the fact that we are concurrent jurisdictions. And as the special concurrence said in Coram, what we do cannot affect them. But what they do can affect us. And in fact, I believe the dissent said, disagreed with, but at least accentuated and pointed out the fact, that the special concurrence says that the federal government laws have no effect on this particular section. So if they don't have any effect on this particular section, why are you interpreting it on behalf of the state police so that it nullifies the substantive and procedural due process  Well, because the legislature did pass the amendments to section 10B and 10C, requiring that the, removing the circuit court's authority to grant relief contrary to federal law, and because the opinion in Coram that you're citing only got two justices to vote for it, so it's... Two, three. No, there were three in the main opinion. Yes. And two in the concurring opinion. The concurring opinion was the opinion that talked about the federal law not really applying because it was passed after, after section 585 of... But the lead opinion said that the amendment is of no consequence either. Yes. And they knew the reason why they said that was because they realized, as the first one or two head notes of the lead opinion pointed out, the court isn't supposed to interpret the statute to result in an absurdity, which effectively, I don't know if you were willing to concede it, but the effect of what you're saying is it literally takes a federal penalty that is based upon a state charge, and in the process of attempting to remediate or ameliorate the state effects or punishment on this state charge, you then nullify this entire form or procedural setup for relief based upon the fact of the punishment that is imposed for the same offense that is now the nexus or the nub or the focus of this sought relief. I have to agree with Your Honor. Excuse me one second. Yes. Add 10 more minutes onto his time, and we'll do the same for you. Yes, I understand.  And this is important, Your Honor, because if I may expand upon the absurdity, but we're not the legislature. It's going to really be up to the legislature to expand upon the absurdity. A dispositive issue here under the holding of Frederick, as we've argued in our petition for rehearing, is what law applies. The Frederick court held that the law, in effect, at the time of the administrative decision, which is the state police's letter saying you don't get a FOIA card, applies. We argue in our petition for rehearing that that was an incorrect decision. The law that should apply is the law in effect at the time of the final ruling of the court, and I won't go into those arguments because of the limited time that's fully in our petition for rehearing. To expand upon the absurdity, assuming this court holds that the law, in effect, at the time here of the administrative decision is 2007, if this court holds that, if this court follows Frederick in holding that the law, in effect, at the time of the revocation of the card is the law that applies, in this case it would be the pre-2013 FOIA act. So in that case, under quorum, you have three votes plus two votes, five votes, that says Mr. Hobson will get his card back. But you also have in the Frederick decision saying, as you point out, that under the 2013 amendments, going forward, that card that we've just granted him is no longer valid because he's still federally barred. What do you think the holding of the special concurrence was in quorum? The special concurrence said federal law was enacted after our section 8.5 of the FOIA card, so therefore the federal law on misdemeanor crime and domestic violence is not incorporated into the FOIA act. So three plus two, you would get Mr. Hobson getting his card back here. I submit to you that the holding in the special concurrence that seems to be the complete and most developed holding is that whatever the issuance of a FOIA card does or does not do, it doesn't affect what the federal courts or the federal prosecutor may decide to do, which is similar to, I believe, the situation in Vermont where there is no registration of felons or domestic batterers. And in Vermont, they get a firearm. In fact, they don't have to get a FOIA card because there is no FOIA card. They're just not prosecuted for possession of a firearm. But they can be under the concurrent jurisdiction of a federal violation. So I believe, and maybe you can agree or disagree, but I think the actual holding of the special concurrence is, because they literally come and say our disagreement is, we don't agree with the lead opinion that says that this not only immunizes the applicant from state prosecution, but it also immunizes him from federal prosecution. And they basically say we have no right to tell the federal court or the federal criminal justice system whether they can or cannot prosecute somebody. I believe that's correct. That's the opinion of the two justices in the concurring opinion. Where that leaves us now, under Frederick, Frederick, paragraphs 23 to 26, talks about the fact that going forward, a person who is federally prohibited, even if he has a FOIA card, the FOIA card is invalid going forward because he's still federally prohibited. Let me ask you this, though. I want to take you back to the hearing. Are you basically saying, is it your position that any time a trial court rules on this issue, that their ruling, if it's in contradiction to the federal statute, is void as opposed to an abuse of discretion? Correct. And you were basically saying when you first stood up that the trial court has absolutely no jurisdiction on this issue. How is it that Section B of the statute talks about the circuit court hearing? Now, if I said no jurisdiction, I take that back. The trial court has no power as a distinction. No power, but they have a power because the statute allows somebody to come before them to apply for the FOIA card, correct? Yes. So if the trial court then rules contrary to federal law or rules contrary to any law in any case, does that mean that their judgment is void or does that mean they abuse their discretion? It depends on whether it's an administrative review action because under the Constitution, the court only has special statutory jurisdiction in administrative review actions. And in this case, the circuit court, as Your Honor correctly pointed out, has the power and the jurisdiction under the FOIA Act to hear the case. It just does not have the power to issue the specific remedy contrary to federal law. So they have absolutely zero discretion? They have discretion except if the person is barred under federal law, in which case they cannot issue the remedy under the 2013 FOIA Act. Under the 2010 FOIA Act, as Justice McLaren says, we get into the ridiculous situation, frankly, where they issue the card as Mr. Corum got his card. Mr. Corum's card is immediately invalid if he tries to – he's got the card, but it only has retroactive effect. It means that, you know, on the day before he had the card, which he did not have, he could go out and get a gun because it's retroactively good, but prospectively under Frederick, paragraphs 23 to 26, prospectively he's still barred under federal law, and the state police, as soon as he goes out and buys a card, is going to revoke – buys a gun, is going to revoke his card. Right. Just with regard to, you know, statutory construction and interpreting the statute, subsection C1 discusses the criminal history of the applicant. The applicant cannot be convicted of a forcible felony under the laws of this state or any other jurisdiction for 20 years. And then the provision that you're talking about, the paragraph 4, is the paragraph that's saying granting relief would not be contrary to federal law. Doesn't it seem that the General Assembly was talking about something else other than criminal history by having a separate paragraph for criminal history and then another paragraph granting relief would not be contrary to federal law? It seems to me, if you're just interpreting the statute, that the General Assembly was speaking about something else. Do you have any legislative history? Have you examined the committee hearings or transcripts of the hearings to determine what they meant by that? There wasn't actually very little, but I can point your Honor to another case, the Hansen case out of the Third District. I believe it's cited in our brief, which addressed C1. And that held that because it's not an issue where the court has to exercise discretion, it's either a fact the guy has spent 20 years since his federal conviction or not, or his felony conviction or not, that the circuit court exceeded its statutory authority as to C1. We're making the same argument as to C4. Now, I have to give you a slight digression on Hansen. Hansen was decided when we still had this notion of, well, let me just say that both under Hansen and under Frederick, once it's an administrative review action, the court does not have the power to grant something contrary to C1 or C4. In those areas, C2 and C3, where it's a fact-finding thing, the court still has that. But where the statute removes the remedy for the circuit court in administrative review actions, the circuit court literally does not have the power to grant the remedy. Therefore, in doing that, that order is void of an issue. We can come in at any time. And you know what? My point in raising this issue with you is that these arguments should have been in the circuit court to have a fully developed record here for us on statutory construction, all of these issues. And there should be a policy working with the state's attorneys, where the attorney general, and you know what I'm talking about, the duties and responsibilities of all the attorney general to work with the state's attorney, especially after Braglia, where the denial of intervention was upheld by this court. Justice McClaren wrote that opinion, that there be a policy in place so that the attorney general gets in in time to fully develop the arguments in the trial courts to allow us to have a full and complete record. That would have to be strictly, you know, not even under JCAR administrative review. That would just have to be kind of a policy that they need to do, because right now, as this court has correctly held numerous times, you know, by statute, the state police are not a party to the circuit court hearing. We have to come in under intervention. There's just no other legal way for us to come in. My point here is that if you want to know you can come in, the state's attorney can ask you. Or you can ask the state's attorney, may we come in. And the circuit court does not have the power to deny your right under the attorney general's duties and responsibilities and the state's attorney's statute. You can work together, I know, and it's frequently done, and that's what should be done, so you can fully develop these arguments in the trial court. Counsel, you want to wrap up your time with that? Yes. Well, I would just say that my main point here is, as to the timeliness, strictly as to the timeliness, I didn't even get to the quorum issues, but that because Frederick held that it's an administrative review action under Article IV, Section 9 of the Illinois Constitution, the circuit court lacked the power under the Foyd Act to grant the relief. Therefore, the circuit court's order was void, ab initio, timeless, therefore it was not an issue. The state police were able to come in at any time. Then the only other dispositive issue that this court has to decide, and I will refer to our petition for re-hearing, was whether Frederick was correct or not, we argued they were not correct, as to the date by which he determined the applicable law. And our arguments are in our brief there, and we've got a petition for re-hearing on filing Frederick as to that. And I will say, if the applicable law is the 2010 Act, then Mr. Hudson gets his card, as Justice McClaren points out, it's an absurd nullity because his card is going to be revoked the first time he used it, because prospectively he still has no right under federal law. I don't know that I said that. What I said was your interpretation that the federal law that relates to the domestic battery prohibition that is based upon the conviction for which he is seeking relief, a state of Illinois conviction, is an absurdity. If he was guilty of trafficking in illegal arms or something like that, or was a convicted felon, I would suggest that the statute would cover something like that. But it doesn't cover a situation where essentially you're bootstrapping. You are literally, on one hand, saying here is a charge of domestic battery against a particular victim for which you have a grant relief. Justice McClaren, I'm going to cut you off because we've gotten too long. Thank you, Your Honor. Mr. Gutierrez, come on up. Thank you. Good morning, Your Honors, again. May it please the Court, Counsel. I just would like to start off first to reiterate again that we're just here before the Court, in my belief, on a question of intervention. And I believe that as far as the intervention is concerned, the additional arguments and the purpose of my motion to strike was all of the additional arguments that were made by Counsel in his brief about attacking the order, the validity of that order, whether it should be enforced or not, and the comments that he's made this morning about the fact that it was an invalid order and it couldn't be enforced in any way and that it should be stricken and he can attack at any time. All of those arguments were arguments that are being made, as you said, Justice McClaren, to bootstrap all of those things to circumvent the lawful order of the trial court. Nothing was ever brought up at the trial court level concerning those issues. The Attorney General's Office on Behavior for the State Police are attempting to do that at this time and attack that order when that was a lawful order of the Court. So I think that the motion to strike should be well taken that those issues were never before the Court. In fact, the order was never even appealed. There was no motion for reconsideration. There was nothing done by the Laguna County State's Attorney's Office to attack that order in any way. And then I think that the question of intervention is a very simple question in this circumstance. The standard of review is abuse of discretion. You have an agency that is bound by an order of the Court, but there is a question of whether or not the Attorney General's Office on behalf of the State Police came before the Court in a timely fashion to intervene and whether or not there was adequate representation. Now, your opponent indicates whether it was timely or not timely, the issuance of the order. The order was void. Is it a void order, or is the Court's ruling an abuse of discretion? Is that the standard review? I don't believe that it's a void order, and there's additional comments that I would make because I am prepared to argue about Frederick and to address any questions that you have about that circumstance and generally the federal law versus the state law. And I think I can tie it all together in answering your question as to whether or not it's a void order. I think that it's a valid order of the Court, and I think that that argument is not an argument that can be made because it is a valid order because it complied with the federal law, it complied with the state law, and it was a situation that under the Coram case was a circumstance that a valid order could be issued indicating that the state police should provide a card to Mr. Hobson. And if I could just finish about the intervention, then I'll go right into that, and I can tie it all together and explain it to you. The intervention, again, is a very easy question to decide. There is no abuse of discretion. They didn't do anything, the state police, for four months after they had notice of the order that was entered. That's the first thing. So the question of timeliness in coming in there to the Court, they never raised any kind of an issue until that time. Well, they didn't respond in four months, but they also didn't respond until there was a rule to show cause. Well, that's exactly right. That was the immediately prior action that the Court took before there was a motion filed by the police and a motion, let's see, was it in a 214-01? Right, exactly. I agree with you on that. If I had filed that motion or the petition asking for a rule to show cause to issue, state police would have never taken any action at all because they had not, as I indicated to the trial court, they never responded to any of my letters. They didn't respond to anything, any phone calls that I had, and only until I gave notice of the rule being issued and the return date on the rule to come before the Court to show cause why the director as well as the state police should not be held in contempt. Then all of a sudden we have this petition intervening, all these other arguments. So in fact, they would have just ignored it. So the question of timeliness, I agree, goes well beyond that. They would not have done anything at all. As far as the adequate representation, just for cut, I would agree with you. The state's attorney and the state police as well as the attorney general's office, if they want to take a position on this, they should be taking a position on it. It's not an inadequacy of representation because the state's attorney's office may make different arguments than the attorney general's office may make. The state's attorney did bring up the domestic battery conviction today. Yeah, absolutely. They filed a motion. I'm sorry, I didn't mean to interrupt you. They filed a vigorous motion to dismiss, a vigorous defense at the time of the hearing relating to the determination of the factors. So there was no inadequacy of representation. Because the state police want to make different types of arguments, they should be in contact. They should have, as you say, a policy through the entire state with the state's attorneys to say, look, this is what we need to be arguing, this is what we need to be focusing on, this is what we need to be looking at to make sure the law is clear, that we're consistent in each county, that we're doing the things that we're supposed to be doing. That is not an inadequacy of representation because those arguments were made. With that being said, though, why shouldn't the attorney general, when they've been served with the rules of show cause, not be allowed to come in and make the arguments that the order is void and the state police should not be required to issue the void card? Well, first off, the attorney general's office, or the state police, I should say, and its director, by statute, in a domestic battery situation, are not designated to be the party before the court. The state's attorney's office is the responding party, and the statute specifically says that. On the petition for rules of show cause, which you served on the state police, the attorney general represents the state police. Yes. And the attorney general, as a representative of the state police, clearly would have standing to make the arguments that the state police should not be held in contempt of court because the order is void. I have no disagreement with that. They can make those arguments, they can come in before the court, but they first have to ask to intervene, which is what the court denied them to be able to do. Well, they don't have to ask to intervene when they are the attorney for the state police. The state police is entitled to representation on a rule of show cause. They could have been represented by the state's attorney's office. The state's attorney could have represented their interests. That's true, but in that situation, the state's attorney and the attorney general have concurrent standing. They both have standing. They have to work that out between themselves. Between the state's attorney's statute and the attorney general's statute, they both have an obligation to represent state officers or officials in any action in a county. The state's attorney has primary standing, but then the attorney general can also step in and represent the state police. They have to work that out. Well, they do. They have to work that out between themselves. I don't think. And apparently the state's attorney decided not to represent the state police in this situation, correct? I don't think that's the case. Did they appear on the rule of show cause? The state's attorney did. Yeah, they appeared at all the proceedings. They're at every proceeding that goes on, and they just didn't take, they didn't do anything in relationship to it. And I think the situation was that the state police, the attorney general on behalf of the state police, asked to intervene in this action because they had an interest that they, because they were bound by that order, which is a matter of right to be able to intervene. So I agree with you. It was a matter of right to intervene. But they still, even as a matter of right, they still have to show timeliness, and they have to show inadequacy of representation because they took no action. The state's attorney was representing their interest for the people as well as the state police and its director, and they did what they thought was appropriate under the circumstances. Now, if they don't communicate with each other and there's a lack of understanding on how to approach these cases, that's a problem between themselves. You said they had a right to intervene. Did you mean they had a right to intervene before the entry of judgment or that they had a right to intervene 60 days or 90 days or 120 or six years after the judgment? Afterwards. I'm talking about afterwards. I'm not talking about beforehand.  Timely. Yeah, I mean, they could have done that a long time ago. Let me ask you this. I'm going to ask the same question that I asked your opponent, is what is to stop the state police from complying with the order of the court issuing the FOIA card? Is there anything to stop them from two weeks later revoking FOIA? Well, I think that there is because I think the order, and I'll go right into my other argument. I think the court well understands the intervention situation, the abuse of discretion, and I think that the ruling of the trial court should be upheld. I think my motion to strike should be granted. But in discussion of Frederick, first off, the intervention in the Frederick case, if you look under the first footnote, and that is at least on page 4 of the copy of the case that I have, the intervention, the court didn't decide to make any decision about an intervention. They were voluntarily allowed to intervene. The plaintiff didn't object to it. The court thought that they should be a part of the action, and they could be in the case and make arguments. So there was no question of intervention in the Frederick case. There was no timely issue. No, there was no time. There was nothing came up because everybody thought that it was appropriate. Now, to kind of expound on what Justice McLaren was going into, and I think this may help, if you take a different approach and look at it from a different circumstance as to what is actually being prohibited, number one, under the federal law, under 18 U.S.C. 925C, there is an exact same procedure as what is done in 10B and 10C, 10A, B, and C, concerning the issuance of the Floyd card in Illinois. Under the federal law, there are certain offenses that prohibit individuals from being able to possess, use, or obtain weapons. One of those is a battery offense that is domestic-based. There is no question that Mr. Hobson, who pled guilty to a domestic battery, was ineligible under Illinois law as well as federal law to be able to hold a firearm. Under the federal law, under 925C, they provide a procedure similar to the procedure, in fact, it almost mirrors the procedure here in Illinois. And that procedure is you make the application to the attorney general's office. You say that in that application you ask for a waiver of the prohibition, and you say to the attorney general that based on the reputation and record of the individual, if it's found by the attorney general after their investigation, that there are not a danger to the public safety, and if also they find that it's not contrary to public interest, just as it says in the factors under Illinois law, the attorney general can go ahead and waive the prohibition, and they are now eligible under federal law to be able to hold a firearm. That is still the law. The attorney general's office designated that authority of investigation to alcohol, tobacco, and firearms. It's all set out in the quorum case as to the history and how all of that works. You said the attorney general. You mean the U.S. attorney? U.S. attorney general's office. Then they designated the investigation authority to alcohol, tobacco, and firearms. Alcohol, tobacco, and firearms is not funded by Congress for over the last 20 years to do these types of investigation. So in essence, you have a procedure that's still good law, that's still in place, but they can't go through that process to be able to make a determination as to whether someone's gun rights should be reinstated. So you have a law that's in place, but no way to implement it. They also had a procedure that if there was a denial, you can go to the U.S. district court to be able to ask the district court for an administrative review of that denial of the action on the part of ATF or the attorney general's office. Same type of procedure that we have here in Illinois, except that the U.S. Supreme Court in 2002 indicated in the Beam case that an inaction by alcohol, tobacco, and firearms, because they're not funded by Congress, they're specifically prohibited by law from investigating these actions, that that is not a denial, an inaction is not a denial, and that from that point you could not go to the district court to be able to review any type of decision because there is no decision to review. That's the state of the law under the federal law at the present time. You have no ability to do that. That's what was noted in court. The restrictions or the amendments that were made in 2013 to the statute, to 10b as well as 10c, I would submit to this court were not restrictions to keep people from being able to have their Second Amendment rights reinstated and to prohibit them because of the fact that they couldn't comply with federal law. What I would submit to this court is that those amendments were made to make sure that there was still compliance with the federal law with the recognition that under the federal law there was no procedure that you could go through to have a waiver of the prohibition against these individuals. The absurdity is, Justice McClaren, as you indicated, is that why would Congress pass a law then turn around and not fund the implementation of that law, leave it on the books for 20 years, and to say, look, the law is still good, but there's no way that you can go about it. Why didn't they just strike it? Why didn't they just say, look, you have no rights to be able to regain your Second Amendment rights.  If you interpret those amendments to be that you cannot ever be able to waive those requirements or to obtain a waiver, you forever could not get your gun rights back. And your argument is that's what's inconsistent with federal law. When it says, here, if you look at 10C, the fourth requirement that was added, the first three specifically mirror what was done under the federal system, except that there's the addition no forcible felony within the last 10 years. 10C is a specific petition. It's not a review. 10B is a review of either an administrative decision or the trial court makes a specific decision as to whether the action on the denial, suspension, or revocation was appropriate. That's 10B. There's a difference in 10C. 10C is a request to reinstate your gun right privileges and your ability to hold the FOIA card in Illinois and allows you to come before the court and ask for that waiver. So there are two different statutes. They may do somewhat of the same thing. But my submission to this court is the reason for the amendments is to make sure that it was consistent with federal law. The federal law that it needed to be consistent with is not the fact that you are prohibited from being able to obtain or possess or buy a firearm. That's not what that language relates to. The language that it relates to when you talk about the addition in 2013 to 10C, that granting relief would not be contrary to federal law. It's not that it's contrary to them to be able to hold a firearm. It's not that it's contrary to the federal law that allows a waiver for the prohibition. It has to be consistent with that. And that's what I submit that that language relates to. Not that it relates to the fact that you can't hold a firearm. Of course, that's what the law is in Illinois. That's what the law is under the Federal Gun Control Act. You are prohibited. But that paragraph doesn't say you are prohibited. It says it's not contrary to federal law. And the federal law is still good law that shows a procedure to go through which mirrors the same thing that's done in Illinois. So what you're saying is it's not contrary to federal law because the federal law has very similar steps and procedures regardless of the fact that, as a practical effect, there is no way to obtain remediation under it because of the lack of funding and investigation and so on and so forth, and then the prohibition against administrative review at the district court level. Exactly. You've said it very well, Your Honor. And to go further, the purpose for the additional language that in 2013 is added to 10b where it says, however, the court shall not issue an order if otherwise prohibited to obtain, possess, or use a gun under federal law. The purpose for that language is, again, to make sure when you're reviewing the appeal, unlike 10c, 10c says there are specific factors that you have to look at, and if those factors are met, there should be a waiver on the prohibition. When you're reviewing an appeal, whether you be the director or whether you be the trial court, you're going to review it as to substantial justice, whether substantial justice was done. There is no other factors like they're set out in 10c. So when they put that language in there, that language that says, however, if you believe that substantial justice was not done, you still can't order them to issue it unless it's otherwise prohibited under federal law. Well, it's not prohibited under federal law if the reviewing court, the administrative reviewing court, whether, again, it be the director or the actual trial court, if they went through those factors, kind of like how they did in Frederick, this was a review of a denial. It was an appeal of a denial. This was not a petition asking that it would be reinstated, at least from my reading of it. And so if you go through that process, if the reviewing court or the director goes through that process and considers those same factors in 10c, then it wouldn't be – then it would be in compliance with federal law because if you're able to satisfy those factors, then you have the ability to possess a weapon, and then you're in compliance. The purpose of the amendments is to make sure you're in sync with what the federal law states you have to do for a waiver. And the reason is that they have to be in sync with that. There's no way to go do it in the federal court, so we want to make sure it's being done exactly the same way in the state court. And once it's done in the state court, then you can go ahead and have the ability to waive under the federal law and the ability to waive under the state law and to be able to have a FOIA card. So that brings us back to where we were from the very beginning of the case. Yes. The issue before this court is an abuse of discretion. Did the trial court abuse their discretion in denying state police the opportunity to intervene? And if the answer is no, they did not, case over. Correct. If the answer is yes, they abused their discretion, then what do we do? Remand it and go back to the trial court? No, I don't think that they abused their discretion. I'm just playing devil's advocate. If they did, if we find they abused their discretion, it would be remanded to the trial court with respect to intervention, correct? Correct. So the statute allows the trial court a little bit of discretion, weighing factors, making determinations. That would not preclude them in every decision they make with respect to this, would it? No, it would not. It's an abuse of discretion. Yes, that's the whole thing. The right to intervene is an abuse of discretion, and whether or not they issued the FOIA card would be an abuse of discretion as well, correct? Whether or not they issued the FOIA card, yes. Because that would have to be, that's an issue of fact that would have to be decided. You have to go through all of those factors. My point is that it's a valid, going back to your original question, I said I was going to tie that back in. It is a valid order because it satisfied the requirements under the federal law. You've already discussed that. Yeah, I mean, so that's why it should be valid, because it's done everything that you're supposed to be doing. And we shouldn't be here. We shouldn't. We shouldn't because, and the approach, respectfully, as far as Frederick's concerned, nobody raised the arguments as to what I've just indicated. And I think that if you look at that, everybody's focusing on the fact that you can't possess a gun or buy a gun. And if you can't do that, well, you're out of luck. But I have to tell you, if that's the case, then just like the federal government, the federal Congress, or the U.S. Congress, why didn't the Illinois legislature just start BNC? And why did they add that language? Because if that's the effect, and they didn't want anybody to be able to regain their gun rights because you can't, they're still under the federal law because there's no way that they could ever get a FOIA card, because the uniqueness of FOIA cards in Illinois, of being able to have that first before you can be able to do it, before you can do anything, unlike Vermont or other states that have nothing and choose not to prosecute, you have to have this card in Illinois. And if you don't have this card, you're out of luck. You never get it. So the point is, is that when you come back here and you're able to have the ability to have a waiver and get the FOIA card, it is a valid order all the way around. And really, if they didn't want to do that, they should have just struck the statute and fine, you can't get it back. But the purpose, the reason the U.S. Congress, at least in my own opinion and speculation on my part, is that the U.S. Congress does not want to get into a situation, just as the Illinois legislature doesn't want to get into a situation where a constitutional question could come up that would say, can you forever, because you committed a certain offense, can you forever not be allowed to have your gun privileges under the Second Amendment reinstated, can you ever do that? And that would seem to me to be a legitimate constitutional question that would have to be answered. But instead of doing that, instead of confronting that head on by saying, no, we no longer have a waiver process under the Federal Gun Control Act, no, we no longer have a waiver process under the FOIA Card Act, so they kind of go around that, don't really confront it straight on, and they say, well, the law is still in place, but we're adding the amendments. So what's your response then to the dissent in quorum? Well, the dissent, I think that as far as the dissent in quorum, that where they're saying that there's no way that we can do anything to overstep our bounds as far as the federal government is concerned, I think it's totally wrong. I thought that the dissent in quorum was, if it wasn't stating, it was inferring that, oh, it's real simple, you just get a pardon or an expungement. And then if you get a pardon, then for some reason your Second Amendment rights are at least capable of being reinstated, whether or not there is, in fact, a statute that is interpreted in such a way such as the state police have interpreted, such that even though you were pardoned by the state governor of Illinois, I believe under the interpretation that Mr. McClyke has proffered, you still wouldn't be able to get a FOIA card because you'd still be disqualified under federal law because there hasn't been compliance with the procedures there. And until you get either a pardon, expungement, or follow those procedures, you're still subject to a prohibition in federal law, so you still can't get the FOIA card because of the prohibition as interpreted in C. Well, I think that if you had a federal crime that you were prosecuted by the U.S. Attorney's Office, you should have to seek a federal pardon. If you had a state crime and you were able to seek a pardon from the governor and you were pardoned and then it was expunged from there, then you would be eligible. Yeah, that is an alternative process. In fact, at this point in time, to be quite honest... ...can grant you or reinstate your rights. And why can't a member of the judicial branch, acting in conformity with a statute, reinstate your rights as well? I agree with you. I think that can be done. Isn't that what the lead opinion said in court? I think that the majority or the three justices basically did indicate that. And I think when they had that one paragraph that said the amendment makes no difference to the ruling, and I think that that's true because I think the focus, again, in my interpretation of quorum and trying to read through the lines a little bit, the focus is on that procedure. It's in compliance with the federal procedure and it's not contrary to federal law. And by adding that amendment, it does nothing for you. It doesn't say you're prohibited because if you were going to say you were prohibited, it would have been stricken. So Justice McLaren, I agree wholeheartedly with you with the comments that you're making about the dissent. Absolutely a trial court should be able to decide this. Absolutely the district court. Why there should be no funding, but if the Congress is going to do that, the state should have the ability to come in and not go contrary to what the Federal Gun Control Act has set out for a waiver, but to comply and mirror your process again in the same way should allow the state court to have a waiver for the Floyd Carter Uniqueness in Illinois, as well as to be able to grant the waiver under the Federal Gun Control Act because you have the ability to do that because there is no way to do it. Okay, thank you. Okay, I'm sorry. Do you want to wrap up real quick? Yeah, I can. I was just going to say to leave people to trying to get a pardon as the only alternative is a very difficult process to be able to do and to be left with. I think that, again, I've made my comments about the intervention. I think that that's fairly clear. But my interpretation of quorum and the comments that I've made is a little different approach, a little different take on it. And I think it expounds a little bit more on to what Justice McLaren was thinking and then some of the additional questions that you had, Justice Burkett. So I think that under this situation, everything is good. It's a valid law in Illinois, valid law under the federal system, procedure, process, all complied with, and it should be a valid order of the circuit court. Thank you, counsel. Thank you. Mr. McPike, come on up. I'll just... We could go on all day with this case. And believe me, we have six cases pending on appeal on this issue right now, including what I just argued in the Fourth District last week. I'll just make one point here. The court asked if you hold that denial of intervention was an error, then do you have to remand on the 2-1401 petition? As I argued just the other day in the Fourth District, asked the same question. No, for the following reasons. First of all, this court has... First of all, it's a pure issue of law at that point on the 2-1401 because all the facts are admitted here. It's just really a question of whether quorum... What facts are admitted here? The facts that Mr. Haasen has committed domestic battery. Okay. So it just gets into the... Basically, then you're just in the second part of the Frederick decision, you know, what their quorum applies. But the reason this court doesn't have to remand it, first of all, is that there was a sufficient record below. First and second of all, the circuit court below did review the 2-1401 petition. That's... The decision is A-7 on our appendix. The circuit court's footnote said, yeah, I reviewed the decision. They raised different arguments. The court did not rule on those arguments. But as I said, this court under Supreme Court Rule 361 has all the authority of the circuit court. There's no fact-finding required. It's a pure issue of law. Therefore, you do not need to remand. You can decide the 2-1401 petition on your own authority here. What about counsel's argument that the federal law and the state law are parallel, that you can have your civil rights restored under federal law, but there's just no funding for it? I think that's... If the lead opinion in quorum had gotten one more vote, that would be a valid argument. But that was basically what was argued in the quorum decision, in the quorum opinion. And it did not gain the majority of the court on that. So, for that reason, I mean, it's an argument that could be proffered in the circuit court. It was not here. But the circuit court, I would submit, even assuming that that's a valid interpretation of the 213-2013 Floyd Amendments, even assuming that's a valid interpretation, the circuit court would still have to then go through not just the fact-finding under the Floyd Act, it would also have to go look at the federal statute and make specific fact-findings under the federal statute and cite the federal statute. You couldn't just say it's a fact. So, if there's no further questions, I ask that this court reverse the decision of the circuit court for the reasons stated in our opening brief and the reasons stated in our petition for rehearing in the Frederick case. Thank you, Your Honor. Thank you, gentlemen, for a very entertaining argument. We will consider your argument, review the briefs, and discuss this matter and render a decision in due course. Court is adjourned for the day. Thank you, gentlemen. Safe travels back.